## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**MATTHEW RYAN ROHR**                                            **PLAINTIFF**

**v.**                                                   **CIVIL ACTION NO. 4:08CV-P37-M**

**DAVID OSBORNE** *et al.*                                       **DEFENDANTS**

### MEMORANDUM OPINION

This matter is before the Court on initial screening of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). On initial review, the action will be dismissed.

Plaintiff Matthew Ryan Rohr filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 against the following five Daviess County Detention Center ("DCDC") officials in their individual and official capacities: Jailer David Osborne;[1] Lt. Bill Billings; Sgt. Jack Jones; Deputy Fleury; and Administrator Sara Scott. In the complaint, Plaintiff reports that he believes his "life may be in danger from the staff" at the jail and alleges that he has been placed in "the hole" numerous times in the last six months without good cause, has been maced once and tazered, and has been blamed for "stuff" because deputies know that he "won't tell on others and won't back down." Plaintiff advises that he believes his Eighth Amendment right to be free from cruel and unusual punishment has been violated because the deputies "know I'm mentally challenged and will fall for anything."

To state a claim for relief, a plaintiff must show how each defendant is accountable because the defendant was personally involved in the acts about which the plaintiff complains. *See Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976). A plaintiff must "allege 'with particularity' all material facts

---

[1] Plaintiff actually spells the Jailer's name as "Osbourne," but the Court takes judicial notice that the Daviess County Jailer is David "Osborne" and will use that spelling.

to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001).

In the instant case, Plaintiff fails to describe any specific wrongdoing(s) purportedly committed by Defendants Osborne, Billings, and Scott. While Plaintiff claims that Defendants Jones and Fleury are always laughing at him and trying to provoke him into doing things that he does not want to do and laughed at him when he told them he was having suicidal thoughts, courts have repeatedly held that verbal abuse, harassment, and threats by prison officials are insufficient to state a constitutional violation under § 1983. *See, e.g., Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987). As crafted, Plaintiff's complaint fails to contain facts of sufficient specificity to state a cognizable Eighth Amendment claim.

By prior Order entered April 8, 2008 (DN 6), the Court advised Plaintiff of this lack of specificity and provided him with 30 days within which to amend his complaint to provide more facts, including how each Defendant allegedly violated his rights and the dates on which each event took place. Months have passed, however, and Plaintiff has failed to file any response.

Consequently, by separate Order, the Court will dismiss the action for the reasons stated herein for failure to state a claim upon which relief may be granted.

Date:

cc: Plaintiff, *pro se*
      Daviess County Attorney
4414.005